Qiu v. Lynch

BIA
Balasquide, IJ
A200 919 454

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of November, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

DE YE QIU,
> *Petitioner,*

v.                                          15-3024
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        De Ye Qiu, pro se, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Cindy S.
                       Ferrier, Assistant Director;
                       Kimberly A. Burdge, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner De Ye Qiu, a native and citizen of the People's Republic of China, seeks review of a September 1, 2015, decision of the BIA, affirming a January 6, 2014, decision of an Immigration Judge ("IJ") denying Qiu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Ye Qiu,* No. A200 919 454 (B.I.A. Sept. 1, 2015), *aff'g* No. A200 919 454 (Immig. Ct. N.Y. City Jan. 6, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Qiu does not challenge the pretermission of his asylum application as untimely. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). We thus consider only the agency's denial of withholding of removal and CAT relief. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

For asylum applications like Qiu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and documentary evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  As discussed below, the adverse credibility determination rests on substantial evidence.

The agency reasonably cited inconsistencies between Qiu's testimony and application concerning his date of departure from China and entry to the United States.  At the outset of the hearing, Qiu testified that he left China on May 12, 2012, and entered the United States the same day.  He subsequently testified that he left China on April 7, 2011, and entered the United States on May 12, 2011.  His attorney asked him why his application reflected that he left China on April 7, 2010, and entered the United States on May 12, 2010; Qiu responded that his application was wrong: he left China on April 7, 2011, and

3

entered the United States on May 12, 2011. His attorney showed him his asylum application, which was signed on September 13, 2010. After confirming that the application bore his signature, he was asked how it was possible to have applied for asylum in September 2010 if he left China in April 2011; Qiu then testified that he left China on April 7, 2010. Qiu did not attempt to explain his shifting testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and citations omitted)); *see also* 8 C.F.R § 1208.3(c)(2) ("The applicant's signature establishes a presumption that the applicant is aware of the contents of the application.").

Qiu's hotel receipt from Beijing compounded the confusion concerning Qiu's date of departure. *See Xiu Xia Lin*, 534 F.3d at 167. Qiu testified that he stayed at a hotel in Beijing from April 5 to 7, 2010, before leaving China. The hotel receipt reflected those dates. Qiu then testified that, after checking out of the hotel on April 7, 2010, he remained in China an additional three nights: one night at the airport, and two

4

nights at a civilian house. Qiu then testified that he stayed at the civilian house until April 5, 2010, after which he returned home; he testified again that he stayed at the hotel from April 5 to 7, 2010, and left China directly from the hotel. The IJ reasonably rejected Qiu's explanation—that he didn't remember—because it did not account for the inconsistencies in his story. *See Majidi*, 430 F.3d at 80.

The adverse credibility determination is further supported by inconsistencies between Qiu's testimony and evidence concerning his employment history in China. *Xiu Xia Lin*, 534 F.3d at 167. Qiu submitted a health certificate dated November 20, 2009, and testified that his restaurant employer requested it. However, Qiu had previously testified that he was fired from the restaurant on October 21, 2009, after being released from custody. When confronted with this inconsistency, Qiu testified that he had been seeking employment elsewhere. The agency was not required to accept that explanation. *See Majidi*, 430 F.3d at 80.

In his pro se brief, Qiu does not challenge the inconsistencies, but argues that they were minor and did not go to the heart of his claim. Qiu's argument is misplaced because it relies on pre-REAL ID Act precedent. Under the REAL

ID Act, which governs Qiu's case, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination," where, as here, "the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (emphasis in original).

Given the multiple inconsistencies identified, it cannot be said "that no reasonable fact-finder could make such a credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. That finding is dispositive of withholding of removal and CAT relief because both forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk